564 F.2d 1109
 Jacob PATTERSON, Lonnie H. Spires, David Wine, Nathaniel
Breeland, and Caldwell Hudson, Individually and on
behalf of all others similarly situated,
Appellants,
v.
N. Welch MORRISETTE, Individually and in his official
capacity as chairman of the Richland County Council, Warren
K. Giese, Peter P. Leventis, Billy E. Taylor, and Julius W.
McKay, Individually and in their official capacities as
members of the Richland County Council, Robert G. Mauney,
Individually and in his official capacity as County Manager
of Richland County, Richland County, Richland County
Detention Center, E. G. Cooper, Individually and in his
official capacity as Director of the Richland County
Detention Center, David Ayers, Individually and in his
official capacity as Warden of the Richland County Detention
Center, Dr. Frank Harrison, Individually and in his official
capacity as Richland County Physician, George Goodwin,
Individually and in his official capacity as Paramedic of
the Richland County Detention Center and their Agents,
Subordinates, and Employees, Appellees.
 No. 76-2328.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 3, 1977.
Decided Oct. 31, 1977.
 
 Allan R. Holmes and Robert Guild, Columbia, S.C. (W. Lewis Burke, Nancy McCormick, Legal Aid Service Agency, Columbia, S.C., on brief), for appellants.
 William F. Able, Columbia, S.C. (James W. Cothran, Jr., Bishopville, S.C., John W. Foard, Jr., J. C. Coleman, Columbia, S.C., on brief), for appellees.
 Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and ROSZEL C. THOMSEN, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Prisoners appeal the denial of an injunction to correct allegedly unconstitutional conditions under which pre-trial detainees are being held at the Richland County Detention Center.*
 
 
 2
 The status of a pre-trial detainee is unlike that of a person incarcerated after being convicted of a crime; the former is in confinement only because he cannot afford to make bail. "Therefore, in confinement he can only be deprived of the constitutional rights a defendant on bail awaiting trial enjoys to the extent such denial is required to insure that he appears at trial and to restrain him from endangering or disrupting the security of the institution in which he is detained, or to deter him, if his conduct has already caused such danger or disruption, from repeating such conduct." Collins v. Schoonfield, 344 F.Supp. 257, 265 (D.Md.1972). Accord: Rhem v. Malcolm, 507 F.2d 333, 336 (2d Cir. 1974); Inmates of Suffolk County Jail v. Eisenstadt, 360 F.Supp. 676, 685-86 (D.Mass.1973), aff'd 494 F.2d 1196 (1st Cir. 1974); Miller v. Carson, 401 F.Supp. 835, 866 (M.D.Fla.1975).
 
 
 3
 While the case was pending, the Richland County Council promulgated ordinances designed to improve conditions at the center. The district court, relying heavily on defense counsel's representation that most of these ordinances had been implemented, denied injunctive relief by granting summary judgment for the county officials on this issue. The prisoners, however, deny that substantial portions of the ordinances relied on by the district court have been implemented, and also that all of these ordinances fully protect the constitutional rights of persons in pre-trial custody. Since genuine issues of material fact remain in dispute, a grant of summary judgment was inappropriate. The case must therefore be remanded to the district court for a hearing on the merits.
 
 
 4
 Accordingly, the judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.
 
 
 
 *
 The denial of the injunction is the sole issue before this court. 28 U.S.C. § 1292(b). The district court also granted summary judgment for some defendants and dismissed others with respect to a pending related claim for damages and denied declaratory relief. No appealable judgment, except as to the injunction, has been entered, however, since the court did not enter final orders on the other issues pursuant to Fed.R.Civ.P. 54(b)